**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michael Goins, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2014-002356

———————————————

Appeal From The Administrative Law Court
Carolyn C. Matthews, Administrative Law Judge

———————————————

Unpublished Opinion No. 2016-UP-006
Submitted November 1, 2015 – Filed January 13, 2016

———————————————

**AFFIRMED**

———————————————

Michael Goins, pro se.

Christina Catoe Bigelow, of the South Carolina Department of Corrections, of Columbia, for Respondent.

———————————————

**PER CURIAM:** Michael Goins appeals the Administrative Law Court's (ALC's) order affirming the South Carolina Department of Corrections' (SCDC's) decision finding Goins guilty of threatening to inflict harm on an employee or member of the public. Goins argues the ALC erred in finding (1) he was afforded due process

and (2) the SCDC's decision was supported by substantial evidence.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in finding Goins was afforded due process: *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."); *Al-Shabazz v. State*, 338 S.C. 354, 369-70, 527 S.E.2d 742, 750 (2000) ("The statutory right to sentence-related credits is a protected 'liberty' interest under the Fourteenth Amendment, entitling an inmate to minimal due process to ensure the state-created right was not arbitrarily abrogated."); *Wolff*, 418 U.S. at 564-71 (holding due process in a prison disciplinary proceeding involving serious misconduct requires (1) advance written notice of the charge must be given to the inmate at least twenty-four hours before the hearing; (2) factfinders must prepare a written statement of the evidence relied on and the reasons for the disciplinary action; (3) the inmate should be allowed to call witnesses and present documentary evidence, provided there is no undue hazard to institutional safety or correctional goals; (4) an illiterate inmate or one with a complex case that cannot be handled alone may seek assistance from a substitute for counsel; and (5) the persons hearing the matter, who may be prison officials or employees, must be impartial); S.C. Dep't of Corr. Policy/Procedure, No. OP-22.14, Operations Manual: Inmate Disciplinary System § 8.2.4 (Feb. 2, 2015) ("Inmates will be required to use SCDC Form 19-11, 'Request to Staff Member,' listing the names of all witnesses they wish to be made available at their hearing."); *id.* ("The form must be . . . received no later than [twenty-four] hours prior to the hearing.").

2.  As to whether the trial court erred in finding the SCDC's decision was supported by substantial evidence:  *Pearson v. JPS Converter & Indus. Corp.*, 327 S.C. 393, 396, 489 S.E.2d 219, 220 (Ct. App. 1997) ("A reviewing court will not disturb the findings of [an administrative agency] if its findings are supported by substantial evidence on the record as a whole."); *DuRant v. S.C. Dep't of Health & Envtl. Control*, 361 S.C. 416, 420, 604 S.E.2d 704, 706 (Ct. App. 2004) ("In determining whether the AL[C]'s decision was supported by substantial evidence, this court need only find . . . evidence from which reasonable minds could reach the same conclusion that the administrative agency reached."); *Porter v. S.C. Pub. Serv. Comm'n*, 333 S.C. 12, 20, 507 S.E.2d 328, 332 (1998) (stating the party challenging the agency's "order bears the burden of convincingly proving that the decision is clearly erroneous, or arbitrary or capricious, or an abuse of discretion").

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**AFFIRMED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**